# Court of Appeals
# of the State of Georgia

ATLANTA,  April 15, 2025

*The Court of Appeals hereby passes the following order:*

**A25E0093.   JOSEPH WHYTE v. ANNETTA DANLEY STEMBRIDGE, CLERK OF SUPERIOR COURT OF DOUGLAS COUNTY.**

Joseph Whyte, proceeding pro se, has petitioned this Court for a writ of mandamus ordering the Clerk of the Superior Court of Douglas County to cancel the lis pendens on property located at 4437 Blue Ridge Drive in Douglasville. In the final judgment and divorce decree entered on March 20, 2025, the trial court ordered Pauline Whyte (the plaintiff in the underlying divorce proceeding) to release the lis pendens on the property within ten days of the filing of the divorce decree. According to Whyte, the plaintiff has failed to comply with this order and the lis pendens remains in place.

As our Supreme Court recently explained, "it will be an 'extremely rare' circumstance that would require a party to seek a writ of mandamus in [an appellate court] in the first instance, given that superior court judges have the power to issue process in the nature of mandamus against other superior court judges or trial court officials." *Arnold v. Alexander*, __ Ga. __, __ (1) n. 6 (__ SE2d __) (Case No. S24O1335, Mar. 18. 2025) (citation omitted). There is no indication in Whyte's filing that he has filed a petition seeking such relief in the superior court.[1]

_____

[1] Whyte has filed several notices in the trial court as to plaintiff's non-compliance with the trial court's March 20 order ordering the release of the lis pendens, including an emergency motion for contempt and sanctions against plaintiff and her counsel. He also alleges "ongoing corrupt collusion" between the trial court

Accordingly, until Whyte has obtained a ruling from the superior court, there is no basis for this Court to exercise its jurisdiction. See *Arnold*, ___ Ga. at ___ (1) n. 6; Court of Appeals Rule 40 (c) (this Court's mandamus jurisdiction is narrow and will be exercised sparingly as may be necessary in aid of our jurisdiction or to protect or effectuate our judgments). This petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,*  04/15/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

judge presiding over the divorce proceedings and plaintiff's counsel.